
ORIGINAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

STACEY MCCANTS,
Plaintiff,

-against-                                                    Case No.: 1:26-cv-00862-LDH-CHK


EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendant.

-------------------------------------------------------------X

RECEIVED
MAR 2 7 2026
PRO SE OFFICE

**AMENDED COMPLAINT**

Plaintiff, Stacey McCants, appearing pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
2. Plaintiff challenges Defendant's failure to follow reasonable procedures to assure maximum possible accuracy, and Defendant's failure to conduct a reasonable reinvestigation after receiving a detailed written dispute.
3. Defendant prepared and disseminated consumer reports concerning Plaintiff that contained internally inconsistent and materially misleading information regarding account status and the timing of updates.
4. Plaintiff notified Defendant of these inconsistencies through a written dispute.
5. Defendant failed to correct or reasonably investigate the inconsistencies and continued to report the same misleading information.
6. As a result, Plaintiff suffered adverse credit actions and financial harm.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.
8. Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred here.


REC'D IN PRO SE OFFICE
MAR 27 26 PM4:08

1

## III. PARTIES

9. Plaintiff, Stacey McCants, is a natural person and "consumer" residing in Brooklyn, New York.
10. Defendant, Experian Information Solutions, Inc. ("Experian"), is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), that regularly engages in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

## IV. FACTUAL ALLEGATIONS

### A. Experian's Reporting of Plaintiff's Credit File

11. Defendant prepared multiple consumer reports concerning Plaintiff.
12. These reports contained tradelines including, but not limited to, accounts reported by Capital One and Citibank (Home Depot).

### B. Internal Inconsistencies in Reporting

13. Defendant's reports contained internally inconsistent data fields relating to account status and update timing.
14. For example, Defendant reported accounts with a "Status Updated" date that remained fixed, while other fields, including balance updates and "past due as of" dates, continued to change.
15. In one instance, an account reflected a "Status Updated" date from several years prior while simultaneously reporting recent balance updates.
16. In another instance, Defendant reported a charged-off account with a fixed "Status Updated" date, while continuing to update the "past due as of" date and balance in later months.
17. These inconsistencies created ambiguity and confusion regarding the recency and status of the accounts and rendered the reports misleading.

### C. Plaintiff's Dispute

2

18. On or about November 20, 2025, Plaintiff submitted a written dispute to Defendant.

19. In her dispute, Plaintiff specifically identified:

a. Frozen "Status Updated" dates;

b. Contradictory update timing; and

c. Inconsistent reporting presentation.

20. Plaintiff requested that Defendant correct, clarify, or verify the information.

---

## D. Experian's Reinvestigation

21. Defendant processed Plaintiff's dispute in or about December 2025.

22. Defendant reported that the disputed information had been "verified" and/or "updated."

23. Despite this, Defendant failed to correct or resolve the inconsistencies identified by Plaintiff.

24. Defendant continued to report internally inconsistent and misleading information regarding Plaintiff's accounts.

---

## E. Harm to Plaintiff

25. On or about December 29, 2025, Plaintiff applied for credit with Discover.

26. Plaintiff was denied credit.

27. The denial was based in whole or in part on information obtained from Defendant.

28. The denial cited serious delinquency and related negative credit factors.

29. Shortly before this denial, Plaintiff obtained credit at a significantly elevated interest rate of approximately 33.49% APR from another lender.

30. That lender also relied on Defendant's reporting.

31. As a result of Defendant's conduct, Plaintiff suffered:

a. Denial of credit;

b. Less favorable credit terms;

c. Increased cost of borrowing; and

d. Loss of credit opportunities, along with associated financial and emotional harm.

---

## V. CLAIMS FOR RELIEF

## COUNT I

**Violation of 15 U.S.C. § 1681e(b)**
(Failure to Follow Reasonable Procedures)

32. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.
33. Defendant was required to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports. 15 U.S.C. § 1681e(b).
34. Defendant reported internally inconsistent information regarding account status and update timing, including frozen "Status Updated" dates combined with changing balances and "past due as of" dates.
35. These inconsistencies rendered Plaintiff's consumer reports inaccurate and misleading.
36. Defendant's failure to maintain internally consistent reporting constitutes a failure to assure maximum possible accuracy as required by § 1681e(b).
37. As a direct and proximate result of Defendant's violations of § 1681e(b), Plaintiff suffered damages as described above.

---

## COUNT II

**Violation of 15 U.S.C. § 1681i**
(Failure to Conduct Reasonable Reinvestigation)

38. Plaintiff repeats and realleges all prior paragraphs as if fully set forth herein.
39. Plaintiff submitted a detailed written dispute identifying specific inconsistencies in Defendant's reporting.
40. Upon receipt of Plaintiff's dispute, Defendant was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to record the current status of the information or delete it. 15 U.S.C. § 1681i(a).
41. Defendant failed to reasonably investigate or resolve the inconsistencies identified by Plaintiff.
42. Defendant verified the disputed information without correcting or explaining the contradictory reporting fields.
43. Defendant's reinvestigation was unreasonable and did not satisfy its obligations under § 1681i.
44. As a direct and proximate result of Defendant's violations of § 1681i, Plaintiff suffered damages as described above.

---

## VI. DAMAGES

4

45. Defendant's conduct caused Plaintiff actual damages, including but not limited to: denial of credit, increased cost of credit, financial harm, and associated emotional distress.
46. Defendant's violations of the FCRA were negligent and/or willful, entitling Plaintiff to actual, statutory, and potentially punitive damages under 15 U.S.C. §§ 1681n and/or 1681o.

---

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

a. Awarding actual damages in an amount to be determined at trial;
b. Awarding statutory and, where appropriate, punitive damages for willful violations;
c. Awarding the costs of this action; and
d. Awarding such other and further relief as the Court deems just and proper.

---

## VIII. JURY DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

---

Dated: March 26, 2026
Brooklyn, New York

/s/ Stacey McCants

3/27/2026

Stacey McCants
Plaintiff, Pro Se
1381 E 48th Street #2
Brooklyn, NY 11234
Tel: (347) 593-2842
Email: staceymccant@outlook.com